NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUKHWINDER SINGH, AKA Bobby Singh, AKA Sukwinder Bobby Singh,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No. 15-73417

Agency No. A073-766-068

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Sukhwinder Singh, a native and citizen of India, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely where the motion was filed more than two years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to provide sufficient evidence of a material change in circumstances in India to qualify for a regulatory exception to the time limitation for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (the BIA may deny a motion to reopen for failure to establish materially changed country conditions).

We do not consider the materials attached to Singh's opening brief that are not part of the administrative record, *see Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (our review is limited to the administrative record), and we lack jurisdiction to consider Singh's arguments as to evidence or claims for relief that he did not present to the BIA in his motion to reopen, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

15-73417